IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SAMUEL SCOTT JONES<br>#1459939 | § § § | |
| v. | § | CIVIL ACTION NO. 4:14CV072 |
| | § § | |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge (the "Report") (Dkt. 17), which contains her findings, conclusions, and recommendation for the disposition of Samuel Scott Jones' Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), has been presented for consideration. The Report recommends that Jones' Petition be denied and the case dismissed with prejudice. Jones has filed written Objections (Dkt. 20). The court reviews these objections *de novo*.

Jones objects to the Magistrate Judge's conclusion that the Petition should be dismissed as time-barred. He renews his argument that he is entitled to tolling of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one (1) year limitations period for "the time in which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

The Magistrate Judge concluded that, while Jones filed an application for state habeas relief during the applicable limitations period, this application was not "properly filed" in accordance with the applicable procedural requirements and, therefore, did not toll the statute of limitations. "The majority of courts that have considered this issue have concluded that a "'properly filed

application' is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (quoting *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998)). The Fifth Circuit has expressly held, "a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements." *Id.* at 470. "Procedural filing requirements" means "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review." *Id.* at 470 n. 2.

Jones' state habeas application was governed by Texas Rule of Appellate Procedure 73.1, which set forth procedural filing requirements that must be complied with for a state writ application to be "properly filed" within the meaning of § 2244(d)(2). The Texas Court of Criminal Appeals ("CCA") dismissed Jones' state writ application for noncompliance with Rule 73.1(a)'s requirement that applicants submit each claimed point of error as a separate ground for relief on the required form. Jones argues the CCA's action was unreasonable. However, it is plain from the record that he failed to comply with the requirement. His state writ application asserts three (3) distinct points of error in the space provided for "Ground One": (1) a claim for denial of counsel during the thirty (30) day period for filing a motion for new trial; (2) six alleged instances of ineffective assistance of counsel; and (3) a claim that the trial court abused its discretion when it refused to grant a motion for continuance. Dkt. 14-35 at 11-22.

Jones contends he was required to list "facially plausible claims that could have been presented in a motion for new trial" in order to substantiate his claim for denial of counsel during the period for filing a motion for new trial. *Id.* at 4. He cites *Cooks v. State*, 240 S.W.3d 906 (Tex. Crim. App. 2007), in support of this proposition. And he claims the second and third points of

error listed in his state writ application are not separate grounds for relief, but rather facially plausible claims that could have been asserted in a motion for new trial.

However, Jones' reliance on *Cooks* is misguided. In *Cooks,* the court addressed whether the thirty (30) day period for filing a motion for new trial under Texas law was a critical stage of the proceedings, such that defendants had a constitutional right to counsel during that period. The case also addressed whether the denial of counsel during the period for filing a motion for new trial was subject to a harmless error standard. *Cooks* had no bearing on the form of pleading or any other procedural filing requirement governing state habeas applications in Texas.

On *de novo* review of the record, the court agrees with the Magistrate Judge's conclusion that "'Ground One' of Petitioner's state writ application asked the CCA to resolve claims arising from alleged conduct by different parties that occurred at different times and implicated different constitutional protections;" accordingly, "the CCA was justified in concluding that Petitioner had raised multiple points of error in 'Ground One' of his state writ application in violation of TEX. R. APP. P. 73.1(a)." Dkt. 17 at 6. The court further agrees with the Magistrate Judge's conclusion that Jones' state habeas application was not properly filed. Jones' objection to this conclusion lacks merit.

Jones also objects to the Magistrate Judge's conclusion that a certificate of appealability should not issue in this case. He argues, in conclusory fashion, that since his claims implicate rights under the Sixth and Fourteenth Amendments, reasonable jurists would debate the propriety of the district court's denial of his Petition on procedural, rather than substantive grounds. Federal courts do not "'consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.'" *Smallwood v. Johnson,* 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle,* 694 F.2d 1008,

1011–12 (5th Cir. 1983)). Jones has not demonstrated that jurists of reason would find the court's procedural ruling incorrect. Thus, he has shown no entitlement to a certificate of appealability. *See Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).

Finally, Jones objects to the Magistrate Judge's finding that he "was sentenced to life imprisonment on October 16, 2008, after pleading guilty to first degree aggravated robbery with a deadly weapon." Dkt. 1 at 1. Jones concedes that he was sentenced to life imprisonment on October 16, 2008, but notes this sentence was imposed following a jury trial on the charge of first degree aggravated robbery with a deadly weapon, not a guilty plea. The record indicates that Petitioner was, in fact, convicted by a jury following entry of a plea of not guilty. *See* Dkt. 9, 13.

In light of the foregoing, it is **ORDERED** that Jones' objection to the Magistrate Judge's finding that he plead guilty is **SUSTAINED**. The finding is stricken. Jones' remaining objections are **OVERRULED.**

It is further **ORDERED** that the Report and Recommendation (Civ. Dkt. 17) as to the disposition of the case is **ADOPTED**.

It is further **ORDERED** that Jones' Amended Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Civ. Dkt. 9) is **DENIED** and the case is hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED this the 31st day of March, 2017.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE